ANDREW J. WELLS, plaintiff in error, vs. DREWSON A. WALKER, defendant in error.

A judgment of this Court was, simply; "that the judgment of the Court below, be reversed;" the case in which, it was rendered, was one in which, there was a decision excluding offered evidence, and was an order dismisssing the case.

*Held,* That the word, judgment, used in the judgment of this Court, referred to the order, rather than, to the decision.

Ejectment, in Gordon Superior Court.   Decision by Judge TRIPPE, April, 1858.

The facts of this case are fully stated in the opinion of the Court.

Wm. T. Wofford; and Warren Akin, for plaintiff in error.

Walker, *contra.*

*By the Court.*—Benning J. delivering the opinion.

Walker, as guardian, brought ejectment against Wells, in Gordon Superior Court. At September Term, 1857, the case was tried; and, for alleged error of the Court, committed on the trial, the case was brought to this Court, at March Term, 1858. The bill of exceptions thus states the alleged error; " To the introduction of this testimony, the defendant objected, on the ground, that the testimony attacked the grant, which he insisted could not be done. Plaintiff insisted, that he had a right to show by said testimony, the person to whom the land was granted under the description, 'Berry Stephens, orphan.' After argument, the Court sustained the objection of defendant's counsel, and excluded said testimony, and plaintiff excepted, and suffered a non-suit."

The Court, having thus excluded this testimony, made this order; " Upon motion of defendant's counsel, it is ordered by the Court, that the above cause be dismissed."

This, was the case brought before this Court at March Term, 1858, and the judgment rendered in the case, by this Court, was as follows; " That the judgment of the Court below be reversed; it being the opinion of this Court, that the interrogatories were admissible."

At the next term of the Superior Court, a motion was made by Walker to have this judgment of this Court entered on the minutes of that Court, and to have the case re-instated in that Court. That motion was objected to, on the alleged ground, that at September Term, the Court had passed the order aforesaid, dismissing the case, and the order had not been excepted to, and had not been passed on, by this Court; that the only error complained of, was, that of excluding the

evidence; and, that the judgment of this Court, did not order a new trial, or, order the case re-instated. The Court overruled the objection, and granted the motion. And that was excepted to. And this is the exception, for the consideration of this Court at this term.

The judgment of this Court, was, that "the judgment of the Court below be reversed." What did this Court mean, by the word, judgment,—the decision excluding the evidence, or, the judgment of non-suit; that is, the judgment aforesaid, dismissing the case?

A decision excluding, or admitting, evidence, is a matter not of record; it exists only in parol; it is a matter, therefore, to which the term, judgment, is not appropriate.   Accordingly, it is not usual to apply the term, to decisions excluding, or admitting evidence.   Whereas, the term, judgment, is the very one appropriated to the act of the Court, which makes *an end* of the case.   This order dismissing the case, made an end of the case.

According, then, to the general rule, we should have to say, that this Court meant by the word, judgment, the order dismissing the case, rather than the decision excluding the testimony.

Are we not at liberty, to go by the general rule?   No, it is said, and for two reasons; 1st, because the non-suit was according to the wish of the party non-suited,—that is, was suffered voluntarily by him; and 2dly, because the non-suit was, in fact, not excepted to and carried up.

. But, it is not true, that the non-suit was voluntarily suffered by Walker, the party non-suited.   What is true is, that that the case was dismissed, on the motion of the *defendant* in it, Wells.

And even if it be true, that the decision excluding the evidence, was all that was excepted to and carried up, yet if that decision was wrong, the fact that it was wrong, gave this Court jurisdiction, to "award such order and direction, in the

premises, as" were "consistent with the law and justice of the case." (*Cobb* 450.)

Awarding a reversal of the judgment dismissing the case, was doing, what was consistent with the law and justice of the case.

There is nothing, then, in these two objections, to prevent the word, judgment, as used in the judgment of this Court, from having its ordinary meaning; and so, nothing, to prevent it from applying, rather to the order dismissing the case, than to the decision excluding the testimony.

We think, therefore, that the Court was right in overruling the objection to the motion.

Judgment affirmed.